FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 2 2007

GREG... ... ...NGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00315-BNB

TYRONE A. TILLMAN,

    Plaintiff,

v.

POLICE OFFICER P. D. VANDEL #6589Z, and
COLORADO SPRINGS POLICE DEPT. STETSON HILLS DIV.,

    Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

        Plaintiff, Tyrone A. Tillman, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Four Mile Correctional Center in Cañon

City, Colorado.  Mr. Tillman has submitted to the Court *pro se* a complaint for money

damages pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993).  He

alleges that his rights under the United States Constitution have been violated.  Mr.

Tillman has been granted leave to proceed pursuant to the federal *in forma pauperis*

statute, 28 U.S.C. § 1915 (Supp. 2006).

        The Court must construe the complaint liberally because Mr. Tillman is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr.

Tillman will be ordered to file an amended complaint.

Mr. Tillman alleges that on November 3, 2004, in the course of his arrest, the defendants subjected him to excessive force. He specifically alleges that an Officer Lance Lazoff, who is not a named defendant, handcuffed him and dragged him over to the defendant Officer P. D. Vandel, who allowed his police dog to assault him, causing injuries to his throat, neck, and chest. He also makes allegations of excessive force against members of the police swat team, who also are not named as defendants.

Mr. Tillman may not sue the Colorado Springs Police Department. The police department is not a separate entity from the City of Colorado Springs and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the police department must be considered as asserted against the City of Colorado Springs.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Tillman cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Tillman must name each defendant he intends to sue in the caption to the amended complaint, he must allege exactly what each defendant did to violate his

2

constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Tillman must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Tillman may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Tillman uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Tillman file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the amended complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

3

FURTHER ORDERED that the clerk of the Court mail to Mr. Tillman, together with a copy of this order, two copies of the Court-approved form for filing a Prisoner Complaint form.  It is

FURTHER ORDERED that Mr. Tillman submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that if Mr. Tillman fails **within thirty days from the date of this order** to file an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED March 22, 2007, at Denver, Colorado.

BY THE COURT:


 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00315-BNB

Tyrone A. Tillman
Prisoner No. 128685
Four Mile Correctional Center
PO Box 200
Cañon City, CO 81215- 0200

        I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on____ 3-22-07

                                        GREGORY C. LANGHAM, CLERK

                        By:_____
                                        Deputy Clerk