IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00315-ZLW-CBS

TYRONE A. TILLMAN,
    Plaintiff,
v.

POLICE OFFICER P.D. VANDEL, #65892,
POLICE OFFICER LANCE LAZOFF,
UNKNOWN MEMBERS OF C.S.P.D. Swat Team,
CITY OF COLORADO SPRINGS, and
COUNTY OF EL PASO,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This matter comes before the court on: (1) "County Defendant's Motion to Dismiss" (filed May 16, 2007) (doc. #16); and (2) "Police Officer P.D. Vandell, Police Officer Lance Lazoff, Unknown Members of C.S.P.D. Swat Team, and City of Colorado Springs' Motion to Dismiss" (filed May 25, 2007) (doc. #25).  Pursuant to the Order of Reference dated May 9, 2007 (doc. # 14) and the memoranda dated May 16, 2007 (doc. # 18) and May 29, 2007 (doc. # 26), the Motions were referred to the Magistrate Judge.  The court has reviewed the Motions, "Reply to County Defendant's Motion to Dismiss" (filed June 4, 2007) (doc. #29), "Response to City Defendant(s) Motion to Dismiss Claim"(filed June 13, 2007) (doc. #30), "County Defendant's Reply to Plaintiff's Reply to County Defendant's Motion to Dismiss" (filed June 18, 2007) (doc. #31), and "Police Officer P.D. Vandel, Police Officer Lance Lazoff, Unknown Member of C.S.P.D. Swat Team, and City of Colorado Springs' Reply to Plaintiff's Response to City

Defendants' Motion to Dismiss" (filed June 26, 2007) (doc. #32), the pleadings, and the applicable law and is sufficiently advised in the premises.

**I.      Background**

Mr. Tillman is currently incarcerated at Four Mile Correctional Facility in Canon City, Colorado. (*See* Amended Complaint (doc. # 10)). Proceeding *pro se*, Mr. Tillman brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment and Fourteenth Amendment rights in his first Complaint filed on February 14, 2007 and an Amended Complaint filed on April 18, 2007. (*See* docs. # 10 and # 3). Mr. Tillman alleges that in the course of his arrest on November 3, 2004, Police Officer Vandel allowed his police dog to assault Mr. Tillman, causing lacerations to Mr. Tillman's neck and chest, which have resulted in permanent scars and nerve damage. (*See* Amended Complaint (doc. # 10) at pp. 4-7 of 10). Mr. Tillman seeks compensatory and punitive damages. (*See* Amended Complaint (doc. # 10) at p. 9 of 10). Citing Federal Rule of Civil Procedure 12(b)(1), Defendants have moved to dismiss the Amended Complaint, arguing that it is barred by the statute of limitations.

**II.     Standard of Review**

Expiration of the statute of limitations is not a complete bar to subject-matter jurisdiction. *Bowen v. City of New York*, 476 U.S. 467, 476 (1986). Thus, the motions to dismiss are better considered as motions for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss will be granted unless the claim pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. 1955, 1974 (2007). The court accepts the "allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Ramirez v. Department of Corrections, Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000). Moreover, *pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If a court finds that the plaintiff's claim, as stated in the complaint, is time-barred by the applicable statute of limitations, dismissal is appropriate. *See Blake v. Dickason*, 997 F.2d 749 (10th Cir. 1993).

### III.   Statute of Limitations for a § 1983 Claim

Title 42 U.S.C. § 1983 contains no statute of limitations. Although state law governs the length of the statute of limitations, the characterization of the claim for the purpose of determining the applicable statute of limitations is a federal question. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). "[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose" and these claims are best characterized as personal injury actions. *Id.* at 272, 280. Where a state has multiple statutes of limitations for personal injury actions, the residual or general personal injury statute of limitations applies. *Owens v. Okure,* 488 U.S. 235, 236 (1989). The relevant statute of limitations in Colorado is provided in Colo. Rev. Stat. § 13-80-102. "All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" as well as "[a]ll other actions of every kind for which no other period of limitation is provided" must be commenced within two years after the cause of action accrues, if at all. Colo. Rev. Stat. § 13-80-102(1)(g),(i). The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 127 S.Ct. 1091, 1095, *rehearing denied*, 127 S.Ct. 2090 (2007). For the purpose of the statute of limitations, a § 1983 claim accrues "when the

plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F. 2d 1299, 1301 (10th Cir. 1991).

Mr. Tillman's claim arises out of an incident alleged to have occurred on November 3, 2004. (Amended Complaint, at p. 4 of 10). On the face of the Amended Complaint, the two year statute of limitations would bar Mr. Tillman's claim because it was not filed until two years and three months after the alleged incident. Mr. Tillman argues that his claim should be permitted to go forward because he filed notice of intent to sue and filed suit after he became aware in or around February 2005 that his injuries, including scarring and nerve damage, were permanent. (Response to City Defendant(s) Motion to Dismiss Claim (doc. # 30), at p.2). But, "[c]laims arising out of police actions toward a criminal suspect," including arrest, "are presumed to have accrued when the actions actually occur." *Johnson,* 925 F.2d at 1301. A cause of action may accrue before a "claimant [knows] all of the evidence ultimately relied on." *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 2005). The cause of action accrues and "the statute of limitations commences to run, when the wrongful act or omission results in damages. . . . even though the full extent of the injury is not then known or predictable." *Wallace*, 127 S.Ct. at 1097 (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991)). Consequently, Mr. Tillman's cause of action accrued when the arrest and alleged assault occurred, on November 3, 2004, despite his assertion that he was unaware until February 2005 that he had suffered permanent injuries as a result of the incident.

Mr. Tillman further argues that the statute of limitations for this cause of action was extended by two years when he submitted notice of intent to sue the government, pursuant to Colo. Rev. Stat. § 24-10-109, to the Attorney General's office, the City Attorney's office and the

Colorado Springs Police Department, between February and May of 2006.  Colo. Rev. Stat. § 24-10-109 requires that any person bringing an action under the Colorado Governmental Immunity Act file written notice within one hundred eighty days after the date of the discovery of the injury, or else such action is barred.  However, the "Colorado Governmental Immunity Act does not apply to claims based on federal civil rights violations."  *Martinez v. El Paso County*, 673 F. Supp. 1030, 1031 (D. Colo. 1987).  Even if Mr. Tillman had given effective notice under Colo. Rev. Stat. § 24-10-109, this notice has no effect on the statute of limitations relevant to his federal claim under Section 1983.

Additionally, notice of intent under Colo. Rev. Stat. § 24-10-109 does not toll the applicable statute of limitations.  The Colorado Governmental Immunity Act clearly requires that, notwithstanding the notice requirement, "[a]ny action brought pursuant to this article shall be commenced within the time period provided for that type of action in articles 80 and 81 of title 13, C.R.S., relating to the limitations of actions, or it shall be forever barred."  Colo. Rev. Stat. § 24-10-109(5).  The two-year statute of limitations applicable in this type of action thus would not be tolled by notice of intent given pursuant to Colo. Rev. Stat. § 24-10-109.           Finally, even if Mr. Tillman were to bring state claims to which the Colorado Governmental Immunity Act applied, failure to give the required notice within the 180-day period after the discovery of the injury may lead to the dismissal of a claim under the Act.  *Martinez v. El Paso County*, 673 F. Supp. 1030, 1031-32 (D. Colo. 1987).  Mr. Tillman asserts that he filed notice with the Attorney General's office, the City Attorney's office and the Colorado Springs Police Department sometime between February and May, 2006.  (Response to County Defendant's Motion to Dismiss ¶3, Response to City Defendant(s) Motion to Dismiss Claim ¶1).  Mr. Tillman's claim

5

accrued on November 3, 2004. If he filed notice of intent to sue at the earliest date he alleges, in February, 2006, this was more than a year after accrual of the claim.

For the foregoing reasons, **IT IS RECOMMENDED** that:

1. "County Defendant's Motion to Dismiss" (filed May 16, 2007) (doc. #16) be GRANTED.

2. "Police Officer P.D. Vandell, Police Officer Lance Lazoff, Unknown Members of C.S.P.D. Swat Team, and City of Colorado Springs' Motion to Dismiss" (filed May 25, 2007) (doc. #25) be GRANTED.

3. This civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 17th day of October, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge